IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN POWERS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>)<br>    Defendant. ) | No. 1:07-cv-01594 (RMC) |

## INTERNAL REVENUE SERVICE'S MOTION TO DISMISS

The Internal Revenue Service, by and through undersigned counsel, respectfully requests that the Court dismiss this action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

A supporting memorandum of law and proposed order are filed with this motion.

DATE: December 17, 2007.        Respectfully submitted,

/s/ Ann E. Nash
ANN E. NASH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6489/514-6866
Email: ann.e.nash@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2937955.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN POWERS, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-01594 (RMC) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

In this case, the plaintiff seeks a refund of federal taxes, damages, injunctions against the Internal Revenue Service, and declaratory relief. In her complaint, the plaintiff refers to income tax refunds for the 1996 and 1997 tax years, and her request for relief includes a request for $100,000.00 in damages. She also refers to and attaches a Notice of Intent to Levy issued by the Internal Revenue Service referencing a civil penalty in the amount of $503.85, including interest in the amount of $3.85, owed by the plaintiff for the 2006 tax year assessed pursuant to 26 U.S.C. § 6702 for filing a frivolous tax return. For the reasons set forth below, the Court should substitute the United States as the defendant, and dismiss the complaint. The Court lacks subject-matter jurisdiction over the plaintiff's refund claims. The Court also lacks subject-matter

jurisdiction over the plaintiff's damages claim. In the alternative, the plaintiff's damages claim must be dismissed for failure to state a claim upon which relief can be granted.

### This Court Should Substitute the United States as the Proper Party Defendant

The plaintiff filed the instant complaint against the Internal Revenue Service. The only proper defendant in a wrongful collection action is the United States. See 26 U.S.C. § 7433(a). See also Hassell v. United States, 203 F.R.D. 241, 244 (N.D. Tex. 1999) (explaining that the United States is the only proper defendant). The Court should substitute the United States as the proper party defendant and dismiss the Internal Revenue Service. Likewise, the only proper party defendant to a tax refund action is the United States. 26 U.S.C. § 7422(f)(1); Rowe v. IRS, 1983 WL 1582, *1 (D.D.C. Mar. 7, 1983).

### This Court Lacks Subject-Matter Jurisdiction over the Refund Claim

This Court does not have jurisdiction over the plaintiff's claim for tax refunds. The plaintiff is seeking to bring suit under 26 U.S.C. § 6703(c) to challenge the assessment of the civil penalty and for a refund under 26 U.S.C. § 7422(a). A challenge to a civil tax penalty must be predicated by payment of fifteen percent of the penalty, and exhaustion of administrative remedies. 26 U.S.C. § 6703(c); Berger v. United States, 87 F.3d 60, 63 (2d Cir. 1996). Civil actions for a refund cannot be maintained unless the

taxpayer has already paid the taxes assessed and filed a claim for a refund.  26 U.S.C. § 7422(a); <u>Flora v. United States</u>, 362 U.S. 145 (1960).  The plaintiff has the burden to show that sovereign immunity has been waived.  <u>See</u>, e.g., <u>Paradyne Corp. v. U.S. Dept. of Justice</u>, 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Here the plaintiff does not even allege that she paid the taxes that are subject to her refund claim and challenge to the civil penalty, nor that she timely filed the requisite administrative claims.  Accordingly the Court lacks subject matter jurisdiction over the plaintiff's refund claims and civil penalty challenge.

<u>This Court Must Dismiss the Damages Claim for Lack of Subject-Matter Jurisdiction, or, in the Alternative, for Failure to State a Claim upon Which Relief Can be Granted</u>

The plaintiff purports to state a claim for damages against the United States.  26 U.S.C. § 7433 is a limited waiver of the United States' sovereign immunity and allows taxpayers to sue for unlawful collection practices.  Before initiating a suit under 26 U.S.C. § 7433 the taxpayer must exhaust administrative remedies as required by 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); 26 C.F.R. § 301.7433-1

(establishing the administrative requirements with which an aggrieved taxpayer must comply before filing suit). The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.*

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2).

The exhaustion requirement is jurisdictional, see McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987), and the party bringing suit under section 7433 must show that the United States has unequivocally waived its sovereign immunity. Because the plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her

section 7433 claim, and the Court should dismiss the complaint.

The United States recognizes that some decisions in this district hold that the exhaustion requirement is non-jurisdictional. See Lindsey v. United States, 448 F. Supp. 2d 149, 155 (D.D.C. 2006). The United States, therefore asserts in the alternative that the plaintiff's section 7433 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to her failure to allege she exhausted administrative remedies.

Plaintiff's Requests for Injunctive Relief and Declaratory Relief Are Barred by Declaratory Judgment Act and the Anti-Injunction Act

The plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The plaintiff also requests declaratory relief. Declaratory relief is barred by the Declaratory Judgment Act (28 U.S.C. § 2201).

Because the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously, the analysis of the impact of the Anti-Injunction Act also determines the effect of the Declaratory Judgment Act, National Taxpayers Union v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995), and the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiff's requests for injunctive relief and declaratory relief are barred. The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. See 26 U.S.C. §

7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that her suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970). The plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.

The plaintiff also fails to allege the existence of equitable jurisdiction. The plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See <u>Foodservice & Lodging Institute</u>, 809 F.2d at 844-45; <u>Flynn</u>, 766 F.2d at 598. In

certain situations, the plaintiff can temporarily forestall collection by requesting a "collection due process hearing" with the Internal Revenue Service, see 26 U.S.C. § 6330, or she could fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable jurisdiction. Accordingly, this case fails the second prong of the Enoch test.

In sum, this Court lacks jurisdiction over the plaintiff's requests for injunctive relief and declaratory relief. The plaintiff has not established the extraordinary circumstances that may justify issuing an injunction or declaratory relief. Thus, the Court should dismiss those claims.

## CONCLUSION

This Court does not have subject-matter jurisdiction over the plaintiff's refund claim, and unauthorized collection claims. In the alternative, the plaintiff's unauthorized collection claim must be dismissed for failure to state a claim upon which relief may be granted. The Anti-Injunction Act prohibits an injunction against the collection of plaintiff's taxes. Further, the plaintiff cannot obtain declaratory relief with respect to federal taxes.

///

DATE:  December 17, 2007.                    Respectfully submitted,

/s/ Ann E. Nash
ANN E. NASH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6489/514-6866
Email: ann.e.nash@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that on December 17, 2007, a copy of the instant "United States' Motion to Dismiss" was mailed, postage prepaid to:

> Ann Powers
> 1900 Massachusetts Ave. S.E., Lot C
> Washington, D.C. 20003.

> s/ Ann Nash
> ANN E. NASH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN POWERS, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-01594 (RMC) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**Order**

The Court, having reviewed the United States' motion to dismiss along with any opposition, finds that good cause exists for granting the motion. Accordingly, it is:

ORDERED that the Untied States of America be substituted as defendant, and it is

ORDERED that the complaint is dismissed with prejudice.

Done this _____ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE

2938353.1